

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

ANTONIO A. ADAMS #360-152  :
        Plaintiff  : CASE NO.: 19-02204 JKB
v.  :
WEXFORD HEALTH SOURCES, INC., et al.  :
        Defendants  :

## AFFIDAVIT

Mofikpara Wright, M.D., being duly sworn, certifies that he is over the age of eighteen (18) years, is competent to testify to the matters stated herein and has personal knowledge of the following matters:

1. Affiant is a physician licensed by the State of Maryland's Board of Physicians to practice medicine. From July 1, 2012 until December 31, 2018, Wexford Health Sources, Inc. ("Wexford") was the contractual medical provider for inmates in the Department of Public Safety and Correctional Services ("DPSCS"). Affiant was employed by Wexford Health Sources, Inc. ("Wexford") to provide physician services to the inmates in the DPSCS system, including at the Jessup Correctional Institution ("JCI") where Plaintiff was incarcerated at certain times relevant to the complaint.

2. Affiant has reviewed Plaintiff Antonio Adams' ("Plaintiff") relevant medical records, a copy of which are attached hereto as Exhibit 1. Said records are true and accurate and were maintained by Wexford in the ordinary course of business.

3. Affiant is competent to render a medical opinion regarding the care provided to Plaintiff and Plaintiff's medical conditions.

4. Plaintiff is a 50 year old male inmate now at Jessup Correctional Institution. Plaintiff has a medical history significant for esophageal reflux, obesity, hypertension, sleep

apnea, and bilateral swollen testicles. Plaintiff has a mental health history of bipolar disorder.

5. Plaintiff's complaint argues he has not had proper treatment for his bilateral hydroceles. A hydrocele is a type of benign scrotal mass or swelling in the scrotum that occurs when fluid collects in the thin sheath surrounding a testicle. A hydrocele can develop due to inflammation or injury within the scrotum, or due to infection, including a sexually transmitted infection. A hydrocele usually is not painful or harmful and may not need any treatment. The principle symptom is a painless swelling of one or both testicles. There may be discomfort from the heaviness of a swollen scrotum. If there is associated pain it may increase with the size of the inflammation.

6. Plaintiff argues that on July 12, 2016, he was misdiagnosed with by Dr. Saleem as having "benign fluid" in his scrotum. Dr. Saleem's actual assessment was that Plaintiff had a soft cystic swelling of the right scrotum surrounding the testis. Furthermore, while Dr. Saleem indicated it was likely benign fluid surrounding the testis, he wanted to have an ultrasound performed to rule out any malignancy. When the ultrasound was performed the indication was a cystic mass, likely a hydrocele. There are numerous types of benign scrotal masses, including a hydrocele, hematocele, spermatocele, and epididymal cysts. Accordingly, there was no misdiagnosis.

7. Contrary to the allegations of the complaint, from the time Plaintiff first reported the hydroceles forming in June 2016 through February 2019 Plaintiff did not report pain in his scrotum or testicles. In fact, in June 2016 Plaintiff specifically noted his swollen scrotum was not painful. Plaintiff reported some discomfort and interference with walking, sleeping, voiding, dressing and with exercising. In the seven sick call slips Plaintiff submitted in the period after his June 2016 sick call slip through February 2019, Plaintiff did not indicate he had pain in his

scrotum in five of the seven. In two of the slips (3/22/18 and 6/12/18) it is not clear whether Plaintiff complained of pain or whether he was simply indicating that his complaint was referring to his scrotum. Moreover, when seen for his health care needs between June 2016 and February 2019, Plaintiff did not complain of pain in his scrotum to any nursing staff or providers.

8. Plaintiff's ultrasound on September 1, 2016, was negative for any solid mass lesion or testicular pathology. Dr. Saleem reviewed the results with Plaintiff and indicated that surgery was not then indicated. Plaintiff was instructed to elevate his scrotum with a towel folded in his shorts and to lie down to reduce the hydroceles. If there was pain Plaintiff could take over the counter analgesics. Plaintiff's hydroceles were subsequently conservatively monitored by mid-level providers and physicians. In July 2018, Plaintiff was provided a scrotal support which was unfortunately too small. A double extra large size was ordered. In view of Plaintiff's consistent lack of complaints of pain, in Affiant's medical opinion to a reasonable degree of medical probability, Plaintiff received appropriate care for his bilateral hydroceles in the period prior to January 1, 2019.

9. Plaintiff will continue to be regularly seen at chronic care clinic. In the interim, Plaintiff may obtain more immediate access to medical staff via the sick call process, or through custody staff for any perceived medical emergencies.

I DO SOLEMNLY DECLARE AND AFFIRM, under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____          10/17/2019
Mofikpara Wright, M.D.              Date