IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO A. ADAMS, #360-152, #1006918,   *

Plaintiff   *

v   *   Civil Action No. JKB-19-2204

WEXFORD HEALTH SOURCE, *et al.*,   *

Defendants   *

\*\*\*

## MEMORANDUM

On July 29, 2019, Plaintiff Antonio A. Adams, an inmate at Jessup Correctional Institution ("JCI") in Jessup, Maryland, filed this self-represented 42 U.S.C. § 1983 civil rights action against medical staff at JCI, alleging that Wexford Health Sources, Inc. ("Wexford"), Richard Sampong, Mohammad Saleem, Maryanne Reimer, Darryl Hill, and Mofikpara Wright (collectively, the "Wexford Defendants")[1] failed to give him medication or treatment for the pain and discomfort associated with the swelling of his right testicle. ECF No. 1. Along with his Complaint, Plaintiff filed a Motion for Temporary Injunction asking the Court to issue an Order directing the Defendants to resolve the problem with his testicle before it causes cancer or leads to another medical issue. ECF No. 3. Upon consideration of the serious matters Plaintiff raised, the Court directed his custodian, the Maryland Department of Public Safety and Correctional Services ("DPSCS"), to show cause why injunctive relief should not be granted in his favor. ECF No. 4. On October 13, 2019, DPSCS filed a response opposing Plaintiff's Motion. ECF No. 10. The Wexford and Corizon Defendants also filed Motions to Dismiss or, in the Alternative, for

---

[1] Wexford was the contracted medical provider at JCI until December 31, 2018. Beginning January 1, 2019, Corizon Health replaced Wexford, and Defendants Hill and Wright continue to provide medical services at JCI on behalf of Corizon. Thus, to the extent Plaintiff raises claims regarding events that took place after January 1, 2019, his claims are against Hill and Wright (collectively, the "Corizon Defendants").

Summary Judgment addressing both Plaintiff's Motion and Complaint. ECF Nos. 28, 30. For the reasons that follow, the Court will deny Plaintiff's Motion for Temporary Injunction. The Defendants' dispositive motions, which Plaintiff has opposed, shall remain under consideration and will be ruled on by a separate Memorandum and Order.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam). Here, Plaintiff claims that despite complaining about his swollen right testicle beginning in June of 2016, Defendants have failed to give him any medication or scrotal support through May 13, 2019. *See* ECF No. 1. Plaintiff states that he "want[s] this problem resolved before [he loses his] testicles or it turn[s] into some form of cancer or another problem." ECF No. 3.

According to DPSCS, Plaintiff received continuous medical attention regarding his swollen right testicle, which has been diagnosed as bilateral hydroceles, from June 29, 2016 through May 13, 2019, in the form of specialized visits, chronic care appointments, and periodic physical exams. ECF No. 10 at 2-4. DPSCS also states that on July 23, 2019, Plaintiff received a medical consultation by a physician at Bon Secours Hospital, during which time an ultrasound was approved, and a referral request was generated for evaluation by a surgeon. *Id.* at 2. On August 28, 2019, a right hydrocelectomy was performed on Plaintiff, and by September 6, 2019, Plaintiff

2

continued his recovery from surgery with minimal drainage from the surgery site and prescriptions for Keflex and Tylenol. ECF No. 30-1 at 5-6. At that time, Plaintiff was scheduled for a follow-up with a urologist in two weeks and continued to be seen regularly at the chronic care clinic. *Id.* at 6.

From the verified medical records and the declarations under oath pertaining to his care, it appears that Plaintiff is receiving medical attention for his complaints. Moreover, Plaintiff has provided no evidence to support his bald assertion that he would suffer from cancer or another medical condition if Defendants fail to provide the specific treatment he requests. Because Plaintiff cannot prove that he is likely to succeed on the merits or that he is likely to suffer irreparable harm, his Motion for Temporary Injunction must be denied.

Also pending before the Court are Plaintiff's self-styled Motion to Not Dismiss or, To Do Not Motion for Summary Judgment (ECF No. 32), Motion to Show Evidence of Claim Sent to Health Care Alternative Dispute Resolution Office (ECF No. 33), and Second Motion for Leave to Proceed in Forma Pauperis (ECF No. 35). Plaintiff's Motion to Not Dismiss or, To Do Not Motion for Summary Judgment appears to be a response in opposition to the Wexford Defendants' dispositive motion and will be construed as such. Plaintiff's Motion to Show Evidence of Claim Sent to Health Care Alternative Dispute Resolution Office is unclear and appears to relate to Plaintiff's claim before a separate institution; thus, it shall be denied. Plaintiff has already been granted leave to proceed in forma pauperis and, therefore, his second motion seeking the same relief shall be denied as moot.[2]

Lastly, the Wexford Defendants have filed Motions to Strike Surreply (ECF Nos. 42 and 44), asking the Court to strike Plaintiff's December 10, 2019 filing entitled "Motion in Support of

---

[2] With his Second Motion for Leave to Proceed in Forma Pauperis, Plaintiff attached a Second Motion for Temporary Injunction. For the reasons stated herein, that Motion is also denied.

Plaintiff Antonio A. Adams to Not Dismiss or Admit Alternative for Summary Judgment" (ECF No. 41) and his December 20, 2019 filing entitled "Plaintiff's Second Reply to Defendants Opposition" (ECF No. 43), respectively. Upon review of the numerous filings in the docket, it appears that Plaintiff intended his December 10th filing as a response in opposition to the Corizon Defendants' dispositive motion. Accordingly, the Court will construe it as such and deny the Wexford Defendants' Motion to Strike Surreply. On the other hand, Plaintiff's December 20th filing, which he supplemented on January 13, 2020 (ECF No. 45), appears to be an impermissible surreply and shall be stricken. *See* Local Rule 105.2 (D. Md. 2018) (stating that a surreply is not permitted absent leave of the Court).

A separate Order follows.

Dated this 18 day of February, 2020.

FOR THE COURT:

James K. Bredar
Chief Judge